SOTELO HERMANOS & CÍA., Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Intervener.

No. 153.   Argued December 10, 1947.—Decided April 20, 1948.

*J. J. Ortiz Alibrán* for petitioner.  *Luis Negrón Fernández, Attorney General,* and *Edgar S. Belaval,* special counsel for the Department of Justice, intervener, respondent in the main action.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

This case was submitted to the Tax Court on a stipulation of the facts, the pleadings insofar as they were not in conflict with the stipulation and on deed No. 311 of July 11, 1944 before Notary Andrés Mena Latorre.  The facts as disclosed by said documents may be summarized thus:

By deed No. 169 of July 10, 1941, José, Perfecto and Félix Sotelo Taboas constituted a general mercantile partnership under the firm name Sotelo Hermanos & Company.  The partner first named contributed $30,000 and the other two, $16,000 each.  Since the duration of the partnership was to expire on June 30, 1944, an inventory was made on said date which disclosed a profit of $25,900 to be distributed proportionally among the partners, corresponding to José Sotelo Taboas $41,300 and $23,300 to the other two, as principal and profits.  Since it did not appear from the books that there was sufficient cash to pay to the partners their respective profits, the said benefits were charged to the profit and loss account where they remained until the three partners, being the sole members of the firm, by deed No. 311 of July 11, 1944, conveyed all the capital and the aforesaid profit to the domestic corporation known as Sotelo Hermanos Inc. organized on July 10, 1944.  This corporation was organized by the three members for the purpose of continuing exactly the same business as the mercantile partnership that had been

dissolved. In lieu of their contribution, each member received a share certificate showing the capital and profits that they brought.

Since the partnership did not withhold or pay the Victory Tax on the said profits, to wit $25,900, the Treasurer, on April 5, 1946, sent a deficiency notice to the partnership for $1,754.73 for the 5% Victory Tax on the profits derived by its members from the inventory made on June 30, 1944. This deficiency bill was modified on July 18, 1946 on a motion for reconsideration. It remained as follows: $1,295 tax; $158.64 interest and an administrative penalty of $64.75 all of which amounted to $1,518.39. Based on these facts the Tax Court dismissed the complaint.

The question for decision is whether in view of the facts set forth, the partnership was bound to withhold at its source and to pay a Victory Tax on $25,900, which was the amount of the profit corresponding to the members.

■ Section 1 of Act No. 175 of May 15, 1943 (page 630) which amended Act No. 29 of December 7, 1942 (Special Session Laws, page 160), in creating the Victory Tax, provided that the benefits of civil and mercantile partnerships were subject to said tax. And this same Section provides that the gross income subject to tax is that actually received by the taxpayer or deposited or assigned in his favor or for his benefit. In view of this provision our next step will be to determine whether these profits have been actually received by the petitioners or deposited or assigned in their favor.

■ Before passing on this question we must bear in mind that pursuant to § 141 of the Code of Commerce, 1932 ed., mercantile partnerships constituted in accordance with this Code are dissolved by operation of law on the expiration of the term stipulated in the partnership contract. After the partnership is wholly dissolved and the profits corresponding to each member have been determined, they are entitled to claim them immediately. This is so because once the partner-

ship is dissolved it can not undertake new business but merely enters the stage of liquidation which consists in paying the obligations previously contracted. The fact that partners conveyed their profits to the corporation to receive in exchange of said profits and capital, a certificate of stock of the corporation, clearly shows that the profits as well as the capital were at the disposal of the members, for otherwise they could not have conveyed them. The fact that the corporation was organized under the same name of the partnership to continue in the same business does not operate to identify the legal entity of the corporation with the legal entity of the dissolved partnership which ceased after the expiration of its duration.

*Behn* v. *Domenech,* 49 P.R.R. 790, on which petitioner relies in support of its contention, although dealing with undistributed partnership profits, is inapposite because since the partnership was not dissolved it was not bound to distribute the profits in the absence of an agreement to that effect. On the other hand, a partnership once dissolved cannot undertake new business and it is bound to distribute and pay the benefits, if any.

*Marr* v. *United States,* 268 U. S. 536 (1925) is likewise inapposite because it involved a corporation, and even in case of declaration of dividends, corporations are not bound to pay them on a certain date.

The decision will be affirmed.